IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H.O.P.E., INC., d/b/a HOPE FAIR HOUSING CENTER, an Illinois Not-for-Profit Corporation ANDREW JOHNSON, CARRIE MASQUIDA, NANCY MASQUIDA, AND OSVALDO MASQUIDA;<br><br>Plaintiffs;<br><br>v.<br><br>LAKE GREENFIELD HOMEOWNERS ASSOCIATION, SCOTT HENDERSON, BERTRAND LUDDEN, TIM BIDUS, AL JACKMAN AND CHUCK RACHKE;<br><br>Defendants. | Case No. 16-CV-5422<br><br>Judge Rebecca R. Pallmeyer<br>Magistrate Judge Jeffrey Gilbert<br><br><br>Jury Trial Demanded |

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs, by their counsel, hereby seek an order requiring Defendants to comply (and by a date certain) with the terms of the settlement reached on October 22, 2018 with the assistance of Magistrate Jeffrey Gilbert. In support of this motion, Plaintiffs state as follows:

1. The parties engaged in an in-person settlement conference on October 22, 2018 with Magistrate Gilbert. Also present for defendants was an out-of-state representative of Defendants' insurance carrier.

2. After hours of diligent work, the parties reached a global settlement Agreement ("the Agreement") consisting of several material elements, subject only to final confirmation from the insurer to the element of the lump sum payment amount. In addition to the lump sum payment term, other elements of the settlement existed, including a significant and required

1

material predicate act negotiated by the parties with Judge Gilbert, and three elements of equitable relief concerning HOPE Fair Housing Center. Defendants were required to fully facilitate the predicate act.

3. Because the terms of the Agreement are confidential, Exhibit A is the Declaration of Jennifer K. Soule, filed under seal, describing the terms of the Agreement, including the predicate act referred to herein. Since no Protective Order was previously entered in this case, Plaintiffs' counsel will also file a motion for leave to file Exhibit A under seal, commensurate with procedures for filing documents under seal.

4. The Magistrate Judge reviewed the list of agreed terms with the parties on October 22, 2018.

5. On October 25, 2018, counsel for defendants wrote to Plaintiffs' counsel to specifically confirm final approval by the insurer's main office of the elements of the settlement reached on 10-22-18: the agreed lump sum settlement amount, the predicate act (*See* Declaration), and agreed non-monetary terms negotiated with Judge Gilbert.

6. The parties informed Magistrate Judge Gilbert via voice mail and email to chambers on October 26, 2018 that the terms negotiated under his supervision during the settlement conference received final approval and that the matter was therefore resolved, pending drafting of settlement papers.

7. Delay then ensued in preparing the settlement documents, and facilitation of the predicate act, both tasked to Defendants. Plaintiffs' counsel provided template (redacted) settlement agreements from fair housing cases. On November 12, 2018, one day prior to a previously scheduled status before Magistrate Judge Gilbert, counsel for both parties met at

2

Plaintiffs' counsel's office and agreed to use a template agreement Plaintiffs' counsel had provided and created a checklist of items from this case that would be included.

8. On November 13, 2018, Judge Gilbert terminated the referral for settlement proceedings based on the parties' representation that all elements of the settlement would likely be effectuated within a couple of weeks, since the parties had finally met the day before and no items were in dispute.

9. Beginning on November 28, 2018 and through the present, the parties have appeared before the District Court on several occasions. Plaintiffs reported their concerns about delay and problems regarding Defendants' completing the key predicate act to the Agreement.

10. As set forth in the Declaration of undersigned counsel filed under seal, Defendants over this time frame failed to advance or complete the significant material predicate act to the Agreement, as well as proposed highly problematic and surprising new terms relating to that element of the Agreement. Plaintiffs' counsel has attempted to promptly respond, provide edits and follow up. Delay, lack of communication, and new information and terms have created an atmosphere of uncertainty that the settlement will be effectuated, or when.

11. On December 18, 2018, Defendants' counsel transmitted a very problematic proposal concerning Defendants' completion of the predicate act to which they agreed on October 22, 2018. Plaintiffs' counsel responded that this raised red flags and provided a mark up/edit the next day.

12. Plaintiffs reported their concerns to the District and Court on December 21, 2018. The Court suggested that Plaintiffs move to enforce the October 22, 2018 agreement. The Court's December 21, 2018 Order stated that the Court anticipated that Plaintiffs would so move if the matter was not completely resolved by January 7, 2019.

13. Defense counsel then transmitted a copy of might or could be a final version of the Agreement signed on January 2, 2019 by the individual Defendants, including as representatives to the Association Defendant. However, while this (premature) execution of the underlying Agreement confirmed Defendants' consent on material terms, in the context of confusion, delay, material changes to operation of the Agreement concerning the predicate act, and failure to satisfy or complete this material act, the Defendants' execution is not yet effective and cannot result in the Plaintiffs' execution of the Agreement.

14. If the Defendants do not effectuate the predicate act in the parties' Agreement, Plaintiffs will be prejudiced because their agreement to the lump sum amount negotiated by Magistrate Judge Gilbert on October 22, 2019 was dependent on hand-in-hand completion of that act, and (a) the settlement sum would need to be increased and (b) additional monitoring by HOPE and the Court of the conduct of Defendants towards Plaintiffs and their lot will be needed if the predicate act does not timely occur.

15. On January 4, 2019, the Friday before the Monday, January 7, 2019 status appearance, Defendants announced even more new problematic information relating to delay in completing and effectuating in a timely manner the predicate act (*See* Declaration), but also transmitted a revised draft version of the document relating to the predicate act required under the Agreement. Defendants' counsel asked for two additional weeks to negotiate and finalize this document and predicate act.

16. Accordingly, Plaintiffs' counsel informed the Court on January 7, 2019 that the defense had asked for two additional weeks. Plaintiffs' counsel also described a continued lack of prompt or meaningful communication and elicited assurances from defense counsel that Defendants were negotiating in good faith.

17. The Court set the case for status January 24, 2019, based on Plaintiffs' representations to the Court that if the matters were not all satisfactorily resolved in two weeks and a motion to enforce the Agreement was required, it would be filed January 22, 2019 and noticed for January 24, 2019.

18. On January 7, 2019, after the hearing, Plaintiffs' counsel attempted to discuss a checklist of needed modifications to the belated document/predicate act completion. This discussion was prematurely concluded.

19. Defense counsel informed Plaintiffs' counsel on January 7, 2019 that the fact of his clients' signature on the previously drafted Settlement Agreement should eliminate the possibility of sanctions by the Court against Defendants.

20. Later on January 7, 2019, Plaintiffs' counsel sent a letter to defendants' counsel listing in simple fashion 7 items to be modified in the document necessary for the predicate act to the Agreement, and proposing a modification to the Agreement concerning the timing of its execution by Plaintiffs.

21. Specifically in light of a short time frame proposed by Defendants on January 4, 2019 for completion of the predicate act (*See* Declaration), Plaintiffs informed defense counsel in their January 7, 2019 letter that Plaintiffs would execute the Agreement immediately after total completion of the predicate act, for all of the reasons discussed with Defendants' counsel and with the District Court (in this way, no changes would be required to the Agreement prematurely signed by Defendants, and the interests of all parties in full completion will be protected).

22. More silence then ensued. Plaintiffs' counsel wrote again and left a voice mail to follow up. Defense counsel wrote back on January 18, 2019 to indicate he received Plaintiffs' counsel's voice mail but was in depositions. On Monday, January 21, 2019, Defense counsel

5

wrote to say that a particular issue (not on Plaintiffs' list) was almost resolved. Plaintiffs' counsel wrote back to provide her mobile number (which Defense counsel previously was given), to ask if all other items are agreed, and to inquire again of the items listed in the January 7, 2019 letter (and attaching it). Defense counsel indicated he was hoping to have another draft of the document necessary for the predicate act to the Agreement sent to Plaintiffs' counsel that day (1/21/19). This did not happen.

23. Plaintiffs' counsel also reiterated the expectation of the Court concerning filing a motion to enforce, if necessary, on this date, January 22, 2019. Plaintiffs' counsel has expended five hours reviewing correspondence and calendar, and preparing this motion and accompanying Declaration.

24. Defense counsel wrote during the drafting of this motion on January 22, 2019, providing another unsigned draft of the document necessary for the predicate act, and addressing some of Plaintiffs' January 7, 2019 items, saying that two outstanding items *might* be responded to by the end of the day, and not addressing the first important item on Plaintiffs' January, 7, 2019 list. *See* Declaration. The date for completion of the predicate act is now proposed to be a much further delayed *February 22,* 2019. Plaintiffs' counsel responded with concern about the delayed date, asking about the first (key) item not addressed, and indicating this motion would have to be filed in any event, since the matter was not resolved in the time frame reported to the Court on January 7, 2019.

WHEREFORE, Plaintiffs' seek an Order enforcing the parties' Settlement, including (a) ordering payment by Defendants to Plaintiffs of the agreed lump sum within 7 days, (b) ordering Defendants to effectuate by a date certain determined by the Court the agreed predicate act to the Agreement (described in the Declaration filed under seal) by whatever means required of

6

Defendants and at no cost to Plaintiffs[1], and (c) conforming by Order the supplied draft form of Agreement (*See* attachments to Declaration) as the Court deems necessary.  Additionally, Plaintiffs seek whatever additional relief the Court deems appropriate and just.

Respectfully Submitted,

*/s/ Jennifer K. Soule*

Dated:  January 22, 2019

Jennifer K. Soule
Kelly K. Lambert
James G. Bradtke
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
Phone: (630) 333-9144

---

[1] If additional significant delay ensues, amounts for interest or a schedule of penalties should accrue.